Judge OwsleV
delivered the opinion of the court.
. This suit was brought by Cox and Bartlet, creditors of Lapsley and Ikin, for the purpose of subjecting money in the hands of resident defendants, which they charge belong to Lapsley and Ikin, to the satisfaction of their démand.
The court below, on a hearing, pronounced a decree against Lapsley and Ikin, ¡⅞ favor of Cox and Bartlet, for the amount of their debt, and ordered the resident defendants to pay the money in their hands, (after satisfying a decree entered at the samé time in favor of James M’Cown) to Cox, &c.
As the court below appear to have considered without *113 objection, the records of the suit of M’Cown against West, when the present case was decided by them, we have thought it proper also to look into both records, for the purpose of reviewing the decision therein given.
Wvcklijfe for West, Bibb and Baggin contra.
Thus considering the case, we can have no hesitation in affirming the decree of that court.
With respect to the right of Cox and Bartlet, to áh application of the funds in the hands of the resident defendants to the payment of their demand upon Lapsley and Ikin, according to the principles of the opinion just delivered in the case of M’Cown against West, &c. there can be no doubt; but as we have supposed in that case, that owing to the peculiar transactions between M’Cown and Lapsley; that M’Cown gained a preferable right, to the application of the debt due by the Barrs, to the satisfaction of his claim, it follows that the court decided correctly iii directing the resident defendants to pay Cox and Bartlet the balance only of their demand upon the Barrs, after paying the debt of M’Cown.
The decree of the court below must, therefore, be affirmed, but each party must pay the cost of their respective appeals.
When these causes were before this court, the question, whether M’Cown was entitled to interest upon the demand against Lapsley, Was not presented; but since then, as all those interested have agreed to submit the matter to the determination of the court, as if upon a writ of error or appeal, it is proper to observe, that as the debt was created by advances made by M’Cown for Lapsley, equity requires, that M’Cown should not only recover the principal, but that the court ought, also, to have decreed the payment of interest at the rate of six per centum per annum, from the time he made those advances; and that, as according to the former opinions, M’Cown is first entitled to the application of the money due from the Barrs, the court ought to have provided in their decree, for Cox and Bartlet to recover frotó the resident defendants, the balance only, after the payment of the principal and interest coming to M’-Cown, according to the principles of this opinion.
Both decrees must, therefore, be reversed; but the parties must respectively pay cost, according to the former bpinions; and the causes remanded, and decrees entered according to the principles of this and the former opinions.